## Case No. 16,447.

UNITED STATES v. TEN CASES OF MERCHANDISE.

[2 Hunt, Mer. Mag. 259.]

District Court, S. D. New York. Feb. 12, 1840.[1]

CUSTOMS DUTIES—VIOLATION OF LAWS—FORFEITURE OF GOODS.

1. The fourteenth section of the act of July, 1832 (4 Stat. 593), is to be construed in connection with the act of 1830 (4 Stat. 409), of which it is amendatory. The second clause of said fourteenth section does not provide for a forfeiture of the whole package, but merely of any article in the package which is omitted from the entry.

2. If the omission of an article from the entry (which is a ground of forfeiture of that article under the second clause of section 14) is accompanied with circumstances of concealment, or other matters showing that the package or invoice was made up fraudulently, it would be a cause of forfeiture of the whole package, under clause 3, which provides for the case of an invoice made up with intent to evade or defraud the revenue.

3. An information charging that the invoice was made up with intent to evade or defraud the revenue, in the language of clause 3, is, in

[1] [Affirmed in Case No. 16,448.]

form, sufficient, and is not too vague and uncertain to support a forfeiture.

4. A mere misdescription of shawls as "worsted shawls," which are made of cotton and worsted, is not of itself competent evidence of a fraudulent intent, such as will warrant a forfeiture of the goods under section 14 of the act of 1832.

This was an information for the forfeiture of the goods under the three clauses of the penal part of the 14th section of the act of July, 1832 [4 Stat. 593]. It contained three counts: 1. That the goods on inspection did not correspond with the entry. 2. That the package contained articles not mentioned in the entry, inasmuch as none of the goods in the package were specified in the entry. 3. That the package and invoice were made up with intent to evade or defraud the revenue. The entry and invoice produced upon the entry were read, in which the goods were described as worsted shawls; also the letter of the shippers to the claimants [Hadden & Co.] was produced by them and read on the part of the United States, stating that, in great confidence of the integrity and high standing of the claimants, the shippers had opened a business with them, by the consignment of ten cases worsted shawls, and a case of printed cotton handkerchiefs. The evidence for the prosecution farther showed that upon inspection the goods were shawls composed of cotton and worsted; all the goods were of the same kind; and the materials were palpably to be discovered, and nothing in the way of concealment appeared. THE COURT then suggested, that as it had been decided by the circuit court that the act of congress did not contain words imposing any forfeiture for the goods not corresponding with the entry (owing apparently to the accidental omission of words of forfeiture in the law) there need be no discussion as to the first count, seeking the forfeiture on that ground. The claimants' counsel offered to waive any objection on this ground, and asked to have that question tried, as they were prepared to show that the goods were invoiced and entered under their usual and appropriate name in trade. They were therefore desirous, in the present suit, to have the law pronounced, that in case of the non-correspondence alleged, the goods were forfeited; but THE COURT said, that it was not at liberty to lay down law by consent contrary to the decision by which the court was bound. The claimants' counsel then contended that under the second count, charging that the package contained articles not in the entry, reference was had not to a misdescription of the whole contents of the package, but to an omission of some part of the contents in the entry; that a misdescription of the whole was the case intended in the first clause of the statute, and therefore was not included in the second. The district attorney insisted, that the misdescription of one arti-

cle in a case was within the act, and much more a misdescription of every article.

THE COURT ruled that the act of 1832, in question, is to be construed in connection with the act of 1830 [4 Stat. 409], of which it is amendatory. By the act of 1830 the omission of an article in the package from the entry subjected the whole package to forfeiture; by the act of 1832 this was repealed, and the omission of an article only subjected that article to forfeiture; clearly showing that a forfeiture of the whole package was not intended by this clause of the act, but to have been contemplated in the first clause; and as the proposition in the present case was to forfeit every article, in other words, the whole package, not for any omission of a part, but a misdescription of the whole, the forfeiture could not be claimed under the second clause of the statute; and, therefore, that the second count of the information might be laid out of view.

The district attorney then claimed that the evidence was sufficient, unless contradicted, to claim a forfeiture under the third count, charging the invoice to be made up with intent to evade or defraud the revenue, since by the description in the invoice the goods would have passed free, while in fact they were liable to a duty of 25 per cent. The claimants' counsel insisted that, under this third clause of the statute, the information was too vague and uncertain to allow of a forfeiture, since it did not show in what that intent to evade or defraud existed, nor by what means it was attempted. They also contended that under the third clause of the act, the United States could not claim a forfeiture for the same faults as were embraced under the first or second clauses, by merely showing the intent in addition; since the two first clauses embraced the cases whether the intent were fraudulent or not.

B. F. Butler, U. S. Dist. Atty.

D. Lord. Jr.. W. I. Morton, and A. Hamilton, for claimants.

THE COURT [BETTS, District Judge]. This third count alleges the offence in the words of the law, and that, in form, is sufficient. It is not clear, nor is the court of opinion that if the case fall within the second clause, and an article in a package had been omitted from the entry, appearing to have been thus omitted through a fraudulent intent, it would not create a forfeiture under this third clause of the act, and this count of the information grounded on it. The court considers, that if such omission were accompanied with circumstances of concealment or other matters. showing the package or invoice made up fraudulently, it would under this third clause forfeit the whole package. But here it is not the case of an omission; it is a description of the whole package; all the goods are entered, but, as is

alleged, under a wrong description. This is not the offence contemplated in the second clause, nor is it punished with forfeiture in the first; and this misdescription, therefore, is not of itself competent evidence, without other proof of circumstances of concealment or art to disguise, from which the jury can legally infer fraud.

THE COURT, therefore, directed the jury that the evidence was not competent to warrant a conviction under the count charging fraudulent intent, and the jury acquitted the goods. The district attorney made a bill of exceptions to the several decisions.

[On appeal to the circuit court, this judgment was affirmed. Case No. 16,448.]